IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| v. | : | Criminal Action No. 18-18-RGA |
| CORNELIUS RILEY., | : | |
| Defendant. | : | |

MEMORANDUM

Defendant was convicted of two drug offenses and sentenced to 100 months imprisonment on August 26, 2020. He has been in custody since January 11, 2018. His expected release date is in the first half of 2025. (D.I. 102 at 1 (Feb. 15, 2025); D.I. 103 at 2 (same)).

He has filed two motions for compassionate release. (D.I. 100, 102).

For an inmate-initiated compassionate release motion, there are two threshold requirements. One is that the inmate has administratively exhausted, which essentially is that the inmate has sought compassionate release from the Bureau of Prisons, and the Bureau of Prisons has denied the request or more than thirty days have elapsed since the request was made. Two is that the inmate has "extraordinary and compelling reasons" for release. It is now clear that "extraordinary and compelling reasons" are not limited to those that Bureau of Prisons may consider. *See United States v. Andrews*, 12 F.4th 255, 259-60 (3d Cir. 2021). But not everything can be an extraordinary and compelling reason. For example, as a matter of law, neither the "duration of a lawfully imposed sentence" nor a nonretroactive change to a mandatory minimum sentence can be the basis for a finding of extraordinary and compelling reasons. *Id.* at 260-62.

But *Andrews* at least suggests that there are circumstances in which "rehabilitation in prison," "relatively young age at the time of the offense," the government's charging decision, and "alleged susceptibility to COVID-19" could be considered. *See id.* at 258, 262.[1]

Defendant administratively exhausted. (D.I. 100 at 2; D.I. 102 at 2). Defendant's two motions essentially assert one basis for me to find that there are extraordinary and compelling circumstances justifying his release—the COVID pandemic. As of September 7, 2021, he had been fully vaccinated. (D.I. 103 at 5; D.I. 104). Presumably he will be able to get boosters as needed. He does not cite any underlying medical condition. As of his sentencing, he was "in good physical health with no medical problems," and he was taking no medications. (D.I. 93, ¶ 125). I do not think the pandemic, without more, constitutes "extraordinary and compelling" reasons.

Thus, I find that there are no extraordinary and compelling reasons.

The two motions for compassionate release (D.I. 100, 102) will be denied.

United States District Judge

---

[1] I am doubtful that the Government's charging decision could actually constitute extraordinary and compelling circumstances. Given the Court's review in *Andrews*, that is, that the district court did not abuse its discretion in denying compassionate release based on four factors, one of which was the Government's charging decision, I do not read *Andrews* as being a holding that I must consider the Government's charging decision, should it be raised as a basis for finding extraordinary and compelling circumstances. On the other hand, preliminary research suggests that maybe it could. *See United States v. Ruvalcaba*, 26 F.4th 14, 28 (1st Cir. 2022) (disagreeing with Andrews on "non-retroactive changes in sentencing law"). In any event, I need not decide that now.